FILED
2017 Aug-07 AM 11:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHN SCHOETTLIN,

    PLAINTIFF,

V.                                                                  CIVIL ACTION NO.

MODULAR CONNECTIONS, LLC,

    DEFENDANT.                                      JURY TRIAL DEMANDED

## COMPLAINT

I.    **JURISDICTION**

    1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1334(4), 1343(4), 2201, 2202 and pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.* The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by the ADA.

    2.    Plaintiff timely filed his charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## II.   PARTIES

3.   Plaintiff, John Schoettlin, (hereinafter "Plaintiff") is a resident of Birmingham, Jefferson County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Thus pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Southern Division.

4.   Defendant, Modular Connections, LLC, (hereinafter "Defendant"), is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 42 U.S.C. § 12101, *et seq*. Defendant employs at least fifteen (15) persons. Therefore, this Court has personal jurisdiction over Defendant.

## III.   STATEMENT OF FACTS

5.   Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-4 above.

6.   Plaintiff commenced employment with Pride Staff, a temporary agency, on or about February 26, 2015.

7.   In late July 2015, Pride Staff contacted Plaintiff about a position that it needed to fill for Modular Connections.

8.   Pride Staff informed Plaintiff that the position was for an AutoCad

2

drafter.

9. Plaintiff has performed the position of AutoCad drafter for approximately forty years.

10. Plaintiff accepted the position with Modular Connections.

11. Plaintiff commenced his employment with Modular Connections on August 6, 2015.

12. On Plaintiff's first day of work with Modular, Richard Rohn told Plaintiff that he had to spend two weeks in the warehouse learning concrete and electrical.

13. Plaintiff informed Rohn that he had trouble breathing, walking, suffered from high blood pressure, and heart issues that made it impossible for him to be in such an environment because he would become overheated.

14. Over the course of next four days, Modular Connections required Plaintiff to continue to stay in the warehouse when temperatures were as high as 104 degrees.

15. Each night after work, Plaintiff returned home and used a CPAP machine and elevated his legs to try to bring down the swelling that resulted as a result of working in Modular Connections' overheated warehouse.

16. Throughout Plaintiff's short assignment with Modular Connections, Rohn denied Plaintiff the use of handicap parking despite the fact that Plaintiff is

authorized to do so by virtue of a state tag and placard.

17. On Tuesday, August 11, 2015, Rohn told Plaintiff that he was becoming concerned that Plaintiff was not spending more time in the warehouse.

18. Plaintiff explained to Rohn that he was told that he was being hired for a desk job as a CAD designer.

19. Plaintiff also explained to Rohn that he was under the care of a cardiologist and that he had severe problems with walking and breathing.

20. Rohn was exasperated during this conversation that occurred on August 11, 2015.

21. On August 12, 2015, Rohn told Plaintiff, "This isn't going to work out with you."

22. Rohn told Plaintiff to clock out and go home and turn in his badge.

23. Plaintiff contacted Justin Gilbert, his recruiter with Pride Staff, and explained that Modular Connections terminated his employment because of his health.

24. Plaintiff asked that Gilbert reassign him to another position.

25. Since Plaintiff's termination with Modular Connections, Plaintiff repeatedly contacted Gilbert by phone and email without receiving a new assignment.

26. From the date of the termination from Modular Connections through the filing of this Complaint, Pride Staff has not offered Plaintiff any opportunities to

interview or place him on a new assignment.

### IV.   COUNT ONE – ADA – Disability Discrimination – TERMINATION

27.   Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-26 above.

28.   Plaintiff's suffers from the disability of peripheral vascular disease.

29.   As a result of high blood pressure, Plaintiff's disability affects the major life activities breathing and walking, as well as other symptoms related to heart issues.

30.   Defendants terminated Plaintiff's employment on August 12, 2015.

31.   As a result of forty years of experience as an AutoCad drafter, Plaintiff was qualified for the position that Pride Staff assigned Plaintiff to work.

32.   As a result of forty years of experience as an AutoCad drafter, Plaintiff was qualified for the position that Modular Connections hired Plaintiff to perform.

33.   But for Plaintiff's disability, Defendants would not have terminated Plaintiff's employment.

34.   In terminating Plaintiff's employment, Defendants violated the ADA because the decision was because Plaintiff's disability.

35.   As a result of Defendant's violation of the ADA, Plaintiff has been damaged, suffering loss of pay, benefits and mental anguish.

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A.  Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the ADA;

B.  Enter an Order requiring the Defendant to make Plaintiff whole by awarding him the position he would have had, had he not been discriminated against;

C.  Award him back pay, together with employment benefits, front pay; compensatory damages; punitive damages; special damages; nominal damages;

D.  Attorneys' fees and costs;

E.  Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 12101 that the actions of Defendant are violative of the law; and,

F.  Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

_____
ALLEN D. ARNOLD

_____
KIRA FONTENEAU

OF COUNSEL:

FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
(205) 252-1550 – Office
(205) 502-4476 – Facsimile

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

DEFENDANT'S ADDRESSES:

Modular Connections, LLC
c/o Richard L. Rohn
6092 Brookhill Circle
Birmingham, AL 35242